IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Syncere Rivera, #318979, *a/k/a* Kenneth D. Rivera, *a/k/a* Kenneth Rivera, <br><br>        Plaintiff, <br><br>vs. <br><br>Bryan P. Stirling, South Carolina Department of Corrections, <br><br>        Defendants. | ) C/A No. 8:18-2301-JMC-JDA <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, a state prisoner proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983 against Defendants. He files this action requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the United States Magistrate Judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Upon careful review of the record, including a review of Plaintiff's litigation history, the undersigned recommends that Plaintiff's motion for leave to proceed in forma pauperis be denied and that the Complaint be dismissed unless Plaintiff timely pays the full filing fee.

**BACKGROUND**

Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Broad River Correctional Institution, in

1

Columbia, South Carolina. Plaintiff commenced this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983, which was entered on August 17, 2018, making various allegations concerning the conditions of his confinement. [Doc. 1.] Plaintiff seeks monetary relief. [*Id.* at 5.]

## DISCUSSION

Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act ("PLRA") of 1996. The three strikes rule, codified at 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The PLRA's three strikes rule operates to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner must prepay the filing fee in full. However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits in which the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

This Court takes judicial notice of the Order filed in *Rivera v. Stirling*, No. 8:16-cv-481-JMC, Doc. 14 (D.S.C. Aug. 9, 2016). In that Order, the Court noted that Plaintiff had filed at least twenty cases in federal court over the preceeding four years and found that

2

Plaintiff had accumulated at least three strikes pursuant to 28 U.S.C. § 1915(g). *Id.*; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). As such, the three strikes rule of the PLRA applies to Plaintiff.

In light of his prior strikes, Plaintiff cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent danger of serious physical injury provided by the three strikes rule. *See* 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F. 3d 237, 246 (4th Cir. 2010). Upon review of the Complaint, Plaintiff's claims in this action do not satisfy the § 1915(g) exception to proceed in forma pauperis because Plaintiff does allege that he is in imminent danger of serious physical injury.[*]

Therefore, in order for Plaintiff to proceed with this Complaint, Plaintiff must pay the full filing fee. Effective May 1, 2013, the Judicial Conference of the United States raised the filing fee for a civil case. The filing fee (set by the Congress and the Judicial Conference of the United States) for a non-habeas civil action is now four hundred dollars ($400). **If Plaintiff timely pays the filing fee, the Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.**

---

[*]The undersigned notes that Plaintiff filed another action pursuant to 42 U.S.C. § 1983, which remains pending before the Court, wherein he was granted leave to proceed in forma pauperis. *See* Rivera v. Stirling, No. 8:17-cv-2087. In that case, the Court found Plaintiff had alleged imminent danger of serious physical injury regarding a deliberate indifference claim arising from treatment of Plaintiff's traumatic brain injury ("TBI") and allegations that the defendants in that case repeatedly refused to administer pills prescribed to treat Plaintiff's migraine headaches resulting from his TBI. *See* Rivera v. Stirling, No. 8:17-cv-2087, Doc. 14 at 4–6. Here, Plaintiff's Complaint alleges claims related to the conditions of his confinement, and he fails to demonstrate any imminent danger. To the extent Plaintiff is attempting in the present action to assert a deliberate indifference claim related to his TBI and migraine headaches, such a claim is duplicative of the claims asserted in his other action pending in this Court.

## **RECOMMENDATION**

It is recommended that Plaintiff's motion for leave to proceed in forma pauperis [Doc. 7] be **DENIED**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation to pay the filing fee of four hundred dollars ($400), and that the Office of the Clerk of Court withhold entry of judgment until such time expires. If Plaintiff fails to pay the filing fee within the specified time period, it is further recommended that the District Court enter an order dismissing the Complaint without prejudice under the three strikes rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the 21-day period permitted for payment of the filing fee. **Plaintiff's attention is directed to the important notice on the next page**.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 12, 2018
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).